# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE



CLINTON STRANGE,

Plaintiff

18 - 1 0 8 5

v.

MATHERNE HOLDINGS, INC.,

A Delaware Corporation

&

TODD MATHERNE,

President of Matherne Holdings, Inc.,

Defendants

CIVIL ACTION:

FOR WILLFULL VIOLATIONS OF

THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

47 U.S.C. § 227

)

DEMAND FOR JURY TRIAL

)

Preliminary Statement:

This is an action brought by an adult individual consumer who is a natural person against Defendant Matherne Holdings, Inc., and its President Todd Matherne for willful violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), under the following U.S. Federal Statutes:

47 U.S.C. § 227(c)(5)

&

47 U.S.C. § 227(b)(1)(a)(iii)

)

)

Jurisdiction of this court arises under:

47 U.S.C. § 227

)

Venue lies properly in this court:

Pursuant to 47 U.S.C. § 227(g)(4)

&

28 U.S.C. § 1391

**Parties:**

Plaintiff Clinton Strange is an adult individual residing at 7021 Winburn Drive, Greenwood, LA 71033

Defendant Matherne Holdings, Inc. is a Delaware Corporation which has a principal place of business listed per the Defendant's website as:

Matherne Holdings, Inc.

19266 Coastal Highway

Unit 4-1080

Rehoboth Beach, DE 19971

&

Who's registered agent is listed according to the Delaware Division of Corporations website is:

Harvard Business Services, Inc.

16192 Coastal Highway

Lewes, DE 19958

Defendant Todd Matherne is the President of Matherne Holdings, Inc. who on information and belief resides at the address of:

Todd Matherne

412 Baptiste Circle

Houma, LA 70363

)

)

**Factual Allegations:**

1. Plaintiff's wireless cellphone number 318-423-5057 has been registered on the Federal do-not-call listing since 1-3-2018 *See Exhibit A.*

2. Plaintiff does not like to receive commercial solicitations and advertisements from marketers / telemarketers in the form of phone calls and text messages on his wireless cellphone because he regards them as "an intrusion on his seclusion", and "an invasion of privacy" which is protected under the U.S. Constitution, and further [they] deplete Plaintiff's memory storage capacity on his cellphone, deplete Plaintiff's battery level on his cellphone, and require him to use a measurable amount of mental and physical energy to review the contents of the unwanted text spam messages. Plaintiff alleges that he has Article III standing under the U.S. Constitution to sue Defendants for their alleged conduct.

3. Plaintiff alleges that the Defendants sent Plaintiff 2 text messages to his cellphone number 318-423-5057 within a 12-month period.

4. Plaintiff has no Established Business Relationship with Defendants.

5. Louisiana Senate Bill No. 233 (Act No.368) was signed into law by sitting Governor John Bell Edwards.

6. Act No. 368 (Louisiana Senate Bill No. 233) will become effective 8-1-2018.

7. Louisiana Act No. 368 provides in relevant part under Section B. that:

   **B.(1) Notwithstanding any provision of law to the contrary, a party may petition a court for a declaratory judgment that a clause in an agreement, contract, settlement, or other similar instrument that prevents a party to the instrument from disclosing factual information related to acts that if proven would establish a cause of action for civil damages for any act that may be prosecuted as a criminal offense is null, void, and unenforceable as a matter of law and shall be considered against public policy.**

8. Plaintiff and Defendants entered into a written agreement that was executed within the State of Louisiana by both parties on April 24,2018 regarding previous TCPA violations, and the Agreement was subject to Louisiana Laws.

9.  Defendant Matherne Holdings, Inc. operates a website EZautosaver.com

10. Defendant Todd Matherne is the President of Matherne Holdings, Inc.

11. Defendant Todd Matherne sent to Plaintiff in his role as president of
    Matherne Holdings, Inc., or alternatively as himself as the email
    originated from the Defendant ...." working out of his home" ... in an
    email dated 4-20-2018 at 11:54am CDT admitted ..." the (1) text
    message I sent you" .... (In regard to an SMS / MMS text message spam
    Plaintiff received from Defendants on his cellphone number 318-423-
    5057 on 3-29-2018) *See Exhibit F.*

12. Defendants sent another SMS / MMS Text Spam Message to Plaintiff's
    cellphone Number 318-423-5057 after the conclusion of their settlement
    (4-24-2018) on 6-26-2018 at 10:27am CDT from Long Code number
    610-900-1267 which read in its entirety *See Exhibit B*:

    "Clinton,
    Car Insurance for just 23.00 per
    Month in Greenwood, LA
    Go-to
    Auto-Ins-LessJ.us
    Txt-6-to-end

13. More details about the text message that Plaintiff alleges that Defendants
    sent him on 6-26-2018 can be found in the following Exhibits; *See
    Exhibits B and C.*

14. Defendants alleged text message sent 0n 6-26-2018 contained a
    Hyperlink that directed Plaintiff to Defendants' website ezautosaver.com
    *See Exhibits D and E.*

15. Plaintiff could not envision a scenario that would include Defendants
    allegedly [continuing to] text him after a settlement agreement had been
    reached.

16. Defendant Todd Matherne is liable [to Plaintiff] along with his
    corporation, as he is the President, for any and all alleged violations of
    the TCPA if they were committed both willfully and knowingly by 'a
    Director or Officer of a Corporation'.

17. Plaintiff is not able to and therefore not seeking statutory damages in
    regard to the text or texts that he alleges were received prior to 4-24-
    2018.

18. 47 U.S.C. § 227(c)(5) states in relevant part that:

**(5)PRIVATE RIGHT OF ACTION** A <u>person</u> who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—

**(A)**

an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

**(B)**

an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

**(C)**

both such actions.

19. 47 U.S.C. § 227(b)(1)(a)(iii) states in relevant part that:

**(b)RESTRICTIONS ON USE OF AUTOMATED TELEPHONE EQUIPMENT**
**(1)PROHIBITIONS** It shall be unlawful for any <u>person</u> within the <u>United States</u>, or any person outside the <u>United States</u> if the recipient is within the <u>United States</u>—

**(A)**to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any <u>automatic telephone dialing system</u> or an artificial or prerecorded voice—

**(i)**

to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);

**(ii)**

to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

**(iii)**

to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio <u>common carrier</u> service, or any service for which the called

party is charged for the call, unless such call is made solely to
collect a debt owed to or guaranteed by the United States;

20. 47 U.S.C. § 227(e) states in relevant part that:

### (E)Venue; service or process
### (i)Venue

An action brought under subparagraph (A) shall be brought in a district
court of the <u>United States</u> that meets applicable requirements relating
to venue under <u>section 1391 of title 28</u>.

**(ii)Service of process** In an action brought under subparagraph
(A)—
### (I)

process may be served without regard to the territorial limits of the
district or of the <u>State</u> in which the action is instituted; and
### (II)

a <u>person</u> who participated in an alleged violation that is being litigated
in the civil action may be joined in the civil action without regard to
the residence of the <u>person</u>.

21.      47 U.S.C. § 227(c)(5)(c) provides in relevant part that:


### (C)
both such actions.

It shall be an affirmative defense in any action brought under this paragraph
that the defendant has established and implemented, with due care,
reasonable practices and procedures to effectively prevent <u>telephone
solicitations</u> in violation of the regulations prescribed under this subsection.
If the court finds that the defendant willfully or knowingly violated the
regulations prescribed under this subsection, the court may, in its discretion,
increase the amount of the award to an amount equal to not more than 3
times the amount available under subparagraph (B) of this paragraph.


22. Courts have previously upheld that Officers and Directors of Corporations
can be held personally liable for TCPA violations when they are committed
knowingly and willfully as Plaintiff alleges against Defendant Todd
Matherne who is President of Matherne Holdings, Inc. *See **Los Angeles
Lakers, Inc. v. Federal Insurance Company,*** 2:14-cv-07743, Central
District of California (2014).

23. Courts have previously upheld that in other TCPA cases Jurisdiction and Venue were proper in the District Court where Plaintiff is domiciled, and that Directors and Officers were responsible for TCPA violations if they were willful and knowing:

See *Larry v. Doctors Answers, LLC*, No. cv-12-S-3510-NE, 2013 WL 987879 (N.D. Ala. March 8, 2013

An Alabama Plaintiff sued New Jersey Defendants for violating the TCPA by sending an unsolicited fax advertising material for answering services provided by Defendant. Defendant filed a Motion to Dismiss challenging Personal Jurisdiction, Venue and Plaintiff's ability to state a claim upon which relief can be granted. The court denied the motion on all grounds.

With respect to Defendant's challenge to the court's personal jurisdiction, the court recited the United States Supreme Court's express acknowledgement that "'*federal* interest in regulating telemarketing to protect the privacy of individuals while permitting legitimate commercial practices' 'would be less well served if consumers had to rely on 'the laws or rules of court of a State' or the accident of diversity jurisdiction, to gain redress for TCPA violations.' Thus, 'federal courts [have] *federal-question* jurisdiction over private TCPA suits.'"

Addressing Defendants' argument that venue was only proper in New Jersey, the court concluded that "'venue is proper in the district where [plaintiff] resides because the injury did not occur' when the facsimile was sent from New Jersey, it occurred when 'the [facsimile] was *received* in Alabama," declining to transfer the case for the convenience of the parties.

Finally, rejecting Defendants' argument that they could not be personally liable for alleged wrong doing of the company, the court noted "'[t]he fact that the persons . . . acting [in violation of federal law] are acting for a corporation also, of course, may make the corporation liable under the doctrine of *respondeat superior. It does not relieve the individuals of their responsibility,*'" adding that "an officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute and was not merely tangentially involved. *Individuals who directly (and here, knowingly and willfully) violate the TCPA should not escape liability solely because they are corporate officers.*'"

24. The TCPA was originally intended by congress to give private individuals a private right of action against violators of the TCPA due to the inability of the FTC and FCC to pursue alleged offenders due to the overwhelming number of violations committed daily. In essence the U.S. Congress intended to make of the U.S. Citizenry an army of Private Attorneys General to curb TCPA violations with a large bounty for alleged infractions of [its] statutes.

25. At all times pertinent hereto Defendant Matherne Holdings, Inc. was in direct control of its President who is Defendant Todd Matherne.

26. At all times pertinent hereto Defendant Matherne Holdings, Inc. was acting by and through their agents, servants and/ or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

27. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants, and/ or employees was intentional, willful, reckless, and in grossly negligent disregard for Federal Laws and the rights of the Plaintiff herein.

28. Plaintiff asserts that Defendants knew that the Plaintiff resided within the Western District of Louisiana and that his cellphone would 'chime' within the Western District of Louisiana, and further that the intended recipient which was the 'called party' Plaintiff Clinton Strange would be within the Western District of Louisiana when the text spam was initiated by Defendants; rendering any claims that Defendants knew not MOOT.

## Count 1:

29. Plaintiff incorporates the following paragraphs as though the same were set forth herein in length.

30. At all times pertinent hereto Defendant Todd Matherne was liable to the Plaintiff for willful and knowing violations of the TCPA.

31. Defendant Todd Matherne as President of Matherne Holdings, Inc. is liable to Plaintiff for a trebled violation of:

47 U.S.C. § 227(c)(5)

## Count 2:

32. Plaintiff incorporates the following paragraphs as though the same were set forth herein in length.

33. At all times pertinent hereto Defendant Todd Matherne was liable to the Plaintiff for willful and knowing violations of the TCPA.

34. Defendant Todd Matherne as President of Matherne Holdings, Inc. is liable to Plaintiff for a trebled violation of:

$$47 \text{ U.S.C. } \S 227(b)(1)(a)(iii)$$

## Count 3:

35. Plaintiff incorporates the following paragraphs as though the same were set forth herein in length.

36. At all times pertinent hereto Defendant Matherne Holdings, Inc. was liable to the Plaintiff for willful and knowing violations of the TCPA.

37. Defendant Matherne Holdings, Inc. is liable to Plaintiff for a trebled violation of:

$$47 \text{ U.S.C. } \S 227(b)(1)(a)(iii)$$

## Count 4:

38. Plaintiff incorporates the following paragraphs as though the same were set forth herein in length.

39. At all times pertinent hereto Defendant Matherne Holdings, Inc. was liable to the Plaintiff for willful and knowing violations of the TCPA.

40. Defendant Matherne Holdings, Inc. is liable to Plaintiff for a trebled violation of:

$$47 \text{ U.S.C. } \S 227(c)(5)$$

)

)

**Jury Trial Demand;**
Plaintiff demands trial by jury on all issues so triable.
)
)

**Prayer for Relief;**
WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and
damages against the Defendants based on the following requested relief:

Statutory Damages;
Stacked Damages;
Trebled Damages;
Enjoinder from further violations of these parts;
Costs of Litigating the action together along with all reasonable
attorney's fees (if any);
And such other and further relief as may be necessary just and proper.

Respectfully Submitted,

X _Clinton Strange_        7-18-2018
Clinton Strange              Dated
Pro Se
7021 Winburn Drive
Greenwood, LA 71033
318-423-5057
parsmllc@gmail.com

# EXHIBIT A

/3/2018                                        National Do Not Call Registry



 National Do Not Call Registry                    En Español

Registration Complete

You have registered the following telephone number in the National Do Not Call Registry:

(318) 423-5057

You may print this page if you wish to retain a copy for your records.



https://www.donotcall.gov/register/RegConf.aspx?22CCCEB5-D594-4E11-B5B8-615C1C90CA35

EXHIBIT B



# EXHIBIT C



# EXHIBIT D

C

📅 📊 🔊 🔵 ⏰ 📶 4G 📶 67% 🔋12:48 PM

6109001267

## Message Info

From 6109001267

Received **10:27 AM**

Type **Text message**

Size **106 bytes**

Uid **0**

Message Source **Phone**

Thread Id **142**

Native Thread Id **148**

Msg DB Id **1554**

Native Id **1221**

Date **Tue Jun 26 10:27:15 CDT 2018**

HIDE DETAILS          CLOSE

  

# EXHIBIT E

**ezAutoSaver**

The Site is owned and operated by Matherne Holdings, Inc ("ezautosaver.com," "we" or "us"). ezautosaver.com is an insurance provider matching service and not an insurance broker or insurance company. *Not all insurance companies are able to provide you with a quote. Make sure to compare carrier rates and fees as they can vary between insurance companies and will depend upon the state in which you reside. Additionally, any savings you receive will depend upon your driving history and other factors as determined by the insurance companies giving you quotes. None of the insurance companies with whom you may be matched through the site sponsor, endorse, or are in any way affiliated with ezautosaver.com or this site.

Copyright 2018 Matherne Holdings, Inc. All Rights Reserved

Matherne Holdings, Inc. 19266 Coastal Hwy, Unit 4-1080, Rehoboth Beach, DE 19971

# EXHIBIT F

**From:** Todd Matherne
**Sent:** Friday, April 20, 2018 11:54 AM
**To:** Precision Appliance Repair
**Subject:** Re: Matherne Holding Inc

Dear Clinton Strange,

I'm sorry but I can not afford to pay you $800.00. I'm a one man company working out of my home here in South Louisiana. I struggle just to make ends meet, like the rest of the folks down here.
The absolute most I can afford to pay you for the (1) text message I sent you is $400.
If you agree to this I can mail you a check on the 1st of May after I get paid.

Let me know if you agree to this.

Todd Matherne

Sent from my iPhone

On Apr 12, 2018, at 2:31 AM, Precision Appliance Repair <47usc227etseq@gmail.com> wrote:

> Dear Todd Matherne:
>
>    Was this "written consent' given to you or "your affiliates and marketing partners"?
>
> I am not able to view the "webpage/ Consent" given the information you provided.
>
>
>    I am not after a million dollars, and have no plans to form a class action suit, but I am sure that there was some untoward behavior that your firm would ABSOLUTELY NOT HAVE TO ADMIT WHATSOEVER, and perhaps we could negotiate a small pre-litigation settlement of say $800 U.S. Dollars.
>    I would appreciate it very much if you and/ or your attorney would respond by 4-23-2018.
>
>    Warmest Regards,
>    Clinton Strange
>    Sent from Mail for Windows 10
>
>    **From:** todd@mathernesconsulting.com todd@mathernesconsulting.com
>    **Sent:** Tuesday, April 10, 2018 6:58 PM
>    **To:** 47usc227etseq@gmail.com
>    **Subject:** Re: Matherne Holding Inc
>
>
>    Dear, Clinton Strange,

U.S. Pr. STAGE
PAID
GREENWOOD, LA
JUL 19 18
71033
AMOUNT
**$2.68**
R2305H129624-1

1000

19801

Clinton Strange
7021 Winburn Drive
Greenwood, LA 71033

Office of the Clerk
United States District Court
844 North King St Unit 18
Wilmington, DE 19801-3570



FILED

JUL 23 2018

U.S. DISTRICT COURT
DISTRICT OF DELAWARE